**BROWN v. PROTESTANT EPISCOPAL CHURCH IN THE UNITED STATES OF AMERICA et al.**

(District Court, E. D. Louisiana. Oct. 15, 1925.)

No. 18178.

1. **Religious societies 14—Courts may deal with incorporated religious societies as to property rights, but cannot deal with spiritual organizations or ecclesiastical matters.**

When a religious society acquires legal status by incorporation, courts may deal with same in respect to their dealings with others and in respect to property rights, but state and its courts have no concern with spiritual organizations, ecclesiastical affairs, or matters of church discipline and forms of worship.

2. **Courts 315—Where suit against unincorporated society depends on diversity of citizenship, matter of jurisdiction is to be determined by situation of its members.**

Unincorporated bodies are not citizens of a state, within meaning of Constitution, and where jurisdiction of federal court over suit against such organization depends on diversity of citizenship, question is to be determined by the citizenship of its members.

3. **Courts 343—Only natural persons or corporations may sue or be sued by respective names in United States courts.**

Only natural persons or corporations may sue or be sued by their respective names in United States courts.

4. **Associations 20(2)—Members of unincorporated society must be brought into record by positive averment.**

An unincorporated society or company has no legal entity distinct from members, and in suit against such organization in United States court members of such association or socie-

ty or company must be brought into record as parties by positive averment.

5. **Courts 315—United States District Court held to have no jurisdiction of suit against unincorporated religious society, depending on diversity of citizenship.**

United States District Court held to have no jurisdiction of suit against Protestant Episcopal Church and House of Bishops of said church, where such bodies were unincorporated as associations, and suit depended on diversity of citizenship.

6. **Courts 307(1)—Where plaintiff and defendant were transiently and temporarily within state, District Court was without jurisdiction.**

Where sole natural persons, parties to suit, were but transiently and temporarily within jurisdiction, District Court did not have jurisdiction of suit on ground of diversity of citizenship, in view of Judicial Code, § 51 (Comp. St. § 1033.)

In Equity. Suit by William Montgomery Brown against the Protestant Episcopal Church in the United States of America and others. Bill dismissed.

Joseph W. Sharts, of Dayton, Ohio, for plaintiff.

Geo. Zabriskie and Geo. W. Wickersham, both of New York City, Henry D. Harlan, of Baltimore, Md., and Geo. H. Terriberry, of New Orleans, La., for defendants.

BURNS, District Judge. The plaintiff, William Montgomery Brown, alleging himself to be a citizen of the state of Ohio, brings his bill against the defendants, the Protestant Episcopal Church in the United States of America, which is described as a "voluntary religious association of national extent, with subdivisions called dioceses in every state, but with its principal offices and place of business in the city of New York, New York," and against the "House of Bishops," also a "voluntary asociation of said church, and one of the houses of the governing body of same," and also against Ethelbert Talbot, "the presiding bishop and officer and chief executive of said church and of said House of Bishops. Said Talbot is a citizen and resident of the state of Pennsylvania."

The bill of complaint alleges substantially that the said association is governed according to a constitution and a code of canons, from which alleged pertinent excerpts are made, tending to show the procedure outlined therein for the discipline and internal regulation of members, with particular reference to the trial of bishops charged with offenses sanctioned by the canons or internal laws of the association. From these ex-

cerpts, and the exhibits filed with the bill, it appears that a complete body of such laws subsist, all intended to be internally administered in institutional forums or courts established for that purpose. The complainant alleges his status as a retired bishop residing in Galion, Ohio, without official connection with said church, except as a member of the House of Bishops, and he avers "that as such retired bishop he is without regular salary; but there are still substantial financial perquisites connected with said rank and office and membership in the ministry of said church, amounting in the aggregate to more than $3,000 in value, to wit, among others, fees and honoraria from members of said church and others of the public for officiating at baptisms, marriages, and funeral services, and as lecturer or preacher upon invitation, and also the privilege, heretofore stated, of receiving upon application a substantial pension."

Plaintiff complains that on or about February 4, 1924, he was, by a presentment according to canon, charged with holding and teaching doctrine contrary to that held by the church; that he was tried May 27, 1924, in the city of Cleveland, Ohio, in the diocese of Bishop William A. Leonard, before a "court for the trial of a bishop," and found guilty; that thereafter he sought to have the finding of guilty set aside by a "court of review for the trial of a bishop," and this court, on or about January 15, 1925, affirmed the judgment of the trial court, and determined that the sentence to be passed on him was "deposition from the sacred ministry"; that thereafter he applied to the House of Bishops and the General Convention of the Church, asking that a court of appeal be created according to the church constitution for a final review of his case, or, in the alternative, that he be given the privilege of appearing before the House of Bishops for that purpose; that on October 7, 1925, and on subsequent days, the General Convention being assembled in New Orleans, La., and within the jurisdiction of this court, he presented himself in person and with counsel besought a hearing on this last application, but the House of Bishops disregarded the application, and affirmed the "alleged" finding and sentence theretofore determined and fixed by the court of review, and thereupon the presiding bishop threatens to pronounce sentence upon him of deposition from the ministry, and to exclude him from membership and a seat in the House of Bishops, thereby depriving him of his rank, privileges, and perquisites as a bishop and minister of said church.

Various other allegations charge alleged irregularities in the proceedings had, which he claims did not conform in various ways with the constitution and canons of the church, and that, unless the defendants are restrained from excluding him, he will suffer irreparable injury, and that he has no adequate remedy at law. The prayer of the bill is for injunctive relief. The rule for preliminary injunction coming on to be heard on October 14, 1925, defendants' counsel appeared and excepted orally to the court's jurisdiction, as to both the defendants named and as to the subject-matter, and they argued that the want of jurisdiction appears on the face of complainant's bill.

[1] It may be safely stated here that, when a religious society acquires a legal status by incorporation, the courts may deal with it as with any other person or sui juris entity, in respect to its property or its dealings with others, or even with the rights of its members considered as property. But, even then, the church—the spiritual organization—is not incorporated thereby. It is left to make its own rules as to its membership and otherwise, and within its purely ecclesiastical affairs, and such matters as church discipline and forms of worship, the state and its courts have no concern whatever.

[2-5] The bill clearly discloses that the Protestant Episcopal Church and the House of Bishops of said church are not incorporated bodies, and therefore they are not properly brought into court. An unincorporated company is not a citizen of a state within the meaning of the Constitution, and where the jurisdiction of a federal court over a suit brought by or against such an organization depends upon diversity of citizenship, the question is to be determined by the citizenship of its members. Only natural persons or corporations may sue or be sued by their respective names in the United States courts. An unincorporated society or company, association, or board has no legal entity distinct from that of its members. The members of such associations must be brought into the record as parties by positive averment. From these considerations it necessarily follows that this court has no jurisdiction over the said two unincorporated bodies sought to be made defendants. See Coyle v. Duncan Spangler Coal Co. (D. C.) 288 F. 899–903; Great Southern Fire Proof Hotel Co. v. Jones, 177 U. S. 449, 20 S.

Ct. 690, 44 L. Ed. 842; Thomas v. Board of Trustees Ohio University, 195 U. S. 207-210, 25 S. Ct. 24, 49 L. Ed. 160.

In this last decision the Supreme Court declared certain propositions so firmly established that further discussion of them would be both useless and inappropriate. The court declared: "That the jurisdiction of a Circuit Court of the United States is limited in the sense that it has no jurisdiction, except that conferred by the Constitution and laws of the United States; that a cause is presumed to be without its jurisdiction, unless the contrary affirmatively appears; that such jurisdiction, or the facts upon which in legal intendment it rests, must be distinctly and positively averred in the pleadings or should appear affirmatively and with equal distinctness in other parts of the record, it not being sufficient that jurisdiction may be inferred argumentatively. * * * It is equally well established that, when jurisdiction depends upon diverse citizenship, the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal, and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived."

[6] It also appears from the bill that the sole natural person named defendant, viz. Ethelbert Talbot, is a citizen of the state of Pennsylvania, whereas the plaintiff is a citizen of the state of Ohio, and both are but temporarily and transiently within this jurisdiction, and since section 51 of the Judicial Code (Comp. St. § 1033) provides that, "where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant," the exception to the jurisdiction on his behalf must therefore also be sustained. Having reached the conclusions stated, namely, that this court is without jurisdiction as to the defendants named, ratione personæ, it is not necessary here to determine whether the matter in controversy is sufficiently and affirmatively shown to exceed, exclusive of interest and costs, the sum or value of $3,000, or whether the same is such a property right or civil right, of a pecuniary nature, as might concern this court as a court of equity.

The prayer for a preliminary injunction will be denied, the plaintiff's bill dismissed, and a decree entered accordingly, without prejudice, however, to any right of action complainant may have, or claim to have, in other proceedings.