## BEAVERS v. McMILLAN et al.
### No. 254.

District Court, N. D. Texas, Wichita Falls Division.

Nov. 29, 1930.

Carrigan, King & Surles, of Wichita Falls, Tex., and James A. Stephens, of Benjamin, Tex., for the motion.

Morgan, Morgan & Britain, of Amarillo, Tex., opposed.

ATWELL, District Judge.

It is alleged that the plaintiff is a resident of Texas; that defendant W. W. McMillan resides at Duluth, Minn., and, "the Mesoba Duluth Oil Syndicate, with an office and place of business at Duluth, Minnesota, of which the said McMillan is the agent, is a corporation, incorporated under and by virtue of the laws of some state or territory to the plaintiff unknown, which said corporation has not a permit to do business under the laws of Texas, and if the plaintiff is mistaken in this, then the said defendant is a trust estate, existing under and by virtue of some trust indenture which, in law, constitutes a partnership, of which the said McMillan is one of the partners, upon whom service of citation may be had."

The statement is somewhat novel, but I think it is safe to assume that it is sufficient to represent that the Mesoba Duluth Oil Syndicate is either a corporation or a trust estate, which is sometimes called a joint stock association.

The cause was begun in the state court and seasonably removed to this court. The removal petition describes the syndicate as a joint-stock association, or a trust estate with its principal office and place of business in Duluth, Minn., with A. R. Anderson as its vice president, and "that all persons interested in the same are residents of the state of Minnesota."

This motion to remand is based upon the proposition that the joint-stock association is not a citizen under the Constitution and laws of the United States, and that this court will not take jurisdiction under the diversity statute, unless it be affirmatively shown that each of the defendants has a citizenship adverse to that of the plaintiff at the time of the institution of the suit.

A joint-stock association has no citizenship save and except the citizenship of its stockholders. The petition does not advise as to the names and residence of such persons. It has no legal entity distinct from them.

Only natural persons or corporations may sue or be sued by their respective names in the national courts. If an unincorporated association or society seeks entry, it can only do so by and through its members, who must be brought into the record by positive averment. The rule is the same with a limited partnership. Great Southern Fire Proof Hotel Co. v. Jones, 177 U. S. 449, 20 S. Ct. 690, 44 L. Ed. 842; Thomas v. Ohio State University, 195 U. S. 207, 25 S. Ct. 24, 49 L. Ed. 160; Coyle v. Duncan Spangler Coal Co. (D. C.) 288 F. 897, 903; Brown v. Protestant Episcopal Church (D. C.) 8 F.(2d) 149, 150.

The uncertain announcement that the defendant syndicate was a corporation "of some state or territory," "to plaintiff unknown," or, if not, that it was a trust estate, "which in law constitutes a partnership," is too contingent and too uncertain to support a finding of jurisdictional diversity of citizenship.

The motion is granted.