## GAUNT v. LLOYDS AMERICA OF SAN ANTONIO.

### No. 1809.

District Court, W. D. Texas.
July 30, 1935.

Johnson, Rogers, Slatton & Johnson and W. J. Rogers, all of San Antonio, Tex., for plaintiff.

J. B. Lewright, of San Antonio, Tex., for defendant.

Reily & Reily, of Shawnee, Okl., for interveners.

McMILLAN, District Judge.

When this case came on for trial before a jury, the pleadings instead of being read were stated by counsel, as is frequently the custom in this court. Plaintiff's counsel stated that jurisdiction was based on diversity of citizenship, coupled with the requisite amount in controversy. No question was raised as to this matter either orally or in writing by counsel for the defendant and the case proceeded to trial before the jury.

At the conclusion of the evidence the defendant filed two motions for instructed verdicts, both of which were overruled. A verdict for something over $10,000 with interest was returned against the defendant and on that verdict judgment has been entered. On the day following the return of the verdict, defendant filed a motion for a new trial. In that motion, through its counsel, who is the same counsel who has represented it throughout the case, it asserts the proposition that the court is without jurisdiction because defendant is not a citizen within the purview of the diversity of citizenship statute (Jud. Code § 24, 28 USCA § 41).

The matter being thus for the first time brought to the attention of the court, the court has examined the pleadings and finds

that plaintiff's jurisdictional allegation is as follows:

"The United States District Court for the Western District of Texas has jurisdiction of this cause, for the reason that plaintiff is a resident and citizen of the state of Oklahoma, and the defendant, Lloyds America of San Antonio, Texas, is a legal entity, authorized by the laws of the state of Texas to conduct a general casualty insurance business, with its principal office and place of business in San Antonio, Texas, and with Elliott Jones, who resides in San Antonio, Bexar county, Texas, as its attorney in fact, and said defendant is a resident and citizen of the San Antonio Division of the Western District of the United States District Court for the State of Texas.

"This court has jurisdiction for the further reason that this suit is to recover the sum of $10,500.00 from the said defendant, and the amount involved in this suit, exclusive of interest and costs, is more than the sum of $3,000.00."

 The allegation that defendant is a legal entity authorized by the laws of the state of Texas is in the opinion of the court insufficient to allege citizenship. Chapman v. Barney, 129 U. S. 677, 9 S. Ct. 426, 32 L. Ed. 800. The general statement in the latter part of the second paragraph that it is a resident and citizen of the San Antonio Division is nothing more than a legal conclusion.

Accordingly, it is necessary to turn to the record to see whether the facts as shown on the trial establish defendant's citizenship. There was no oral evidence on the trial about the matter. The policy introduced in evidence indicates the defendant is one of the organizations or associations authorized by the laws of Texas to write insurance upon the Lloyds plan. It is unnecessary here to set out the details of this plan. The statute covering it occurs in chapter 19, title 78, Vernon's Annotated Civil Texas Statutes, volume 14 (article 5013 et seq.). See, also, Pocket Supplement. Generally the statute contemplates an association of parties operating through an attorney licensed by the State Board of Insurance Commissioners with certain assets and reserves subject to the control of the attorney and the board. The association has many attributes of a corporation, but on the other hand lacks many of the important characteristics of one. While under the general rules of law

it might be described as a partnership, still article 5018b provides for limitation of liability and disclaims for each underwriter any responsibility as a partner. While the defendant is thus apparently a nondescript organization, it nevertheless does constitute an association of some character obviously provided for and recognized by the laws of the state.

 It is obvious, of course, that defendant being well apprised in the premises held the point back as a dernier resort. The practice, of course, should not be patronized, and if jurisdiction could be acquired by waiver or estoppel this would most certainly be a case warranting the application of the doctrine. Defendant having chanced a favorable verdict without questioning the jurisdiction of the court now finding itself cast, raises that belated point. However vexatious the situation proves to be, it is idle to labor the point, as it is fundamental that the jurisdiction of the court must clearly appear either in the pleadings or the record. If the pleadings could be construed to sufficiently allege citizenship, the defendant having failed to raise the question by proper plea would not be heard to raise it now. Galveston County Drainage Dist. No. 3 et al. v. Foster (C. C. A. 5) 284 F. 932. But such, as we have seen, is not the case. Accordingly, we are relegated to the record.

The plaintiffs contend that on the face of the record the defendant company is such a juridical entity as to constitute a citizen, and in support of this contention cite the case of Puerto Rico v. Russell & Co., 288 U. S. 476, 53 S. Ct. 447, 77 L. Ed. 903. While this case is persuasive, it was decided under the civil law of Puerto Rico. The court makes the very clear distinction which exists between the civil and the common law. The common law, of course, prevails in Texas and I am not inclined to think that the authority is in point.

On the record as it stood up to and including the time of the entry of judgment, it appeared to the court that federal jurisdiction was lacking. The court entertaining this view was of the opinion that the motion for new trial would probably have to be granted unless the record could be in some way corrected.

Upon leave of the court, in fact at the court's suggestion, counsel for plaintiff made application for leave to file a trial

amendment for the purpose of showing diversity of citizenship. Judicial Code § 274c, USCA. tit. 28, § 399. This trial amendment as subsequently supplemented and amended shows that the various underwriters who compose the defendant association, and who appointed the local attorney and executed the power under which he acted, were all at the time of the filing of the suit citizens of other states than that of which the plaintiff was a resident and citizen. After the filing of this trial amendment, no motion or request was made by the defendant for further trial with regard to the facts alleged as to the citizenship of these underwriters, but defendant elected to stand on its motion for new trial. Under the situation then existing the court was of the opinion that jurisdiction on the ground of citizenship was sufficiently shown and the motion was overruled.

▮ Defendant relies on such cases as Chapman v. Barney, 129 U. S., 677, 9 S. Ct. 426, 32 L. Ed. 800; Great Southern Fire Proof Hotel Co. v. Jones, 177 U. S. 449, 20 S. Ct. 690, 44 L. Ed. 842; and Thomas v. Board of Trustees of Ohio State University, 195 U. S. 207, 25 S. Ct. 24, 49 L. Ed. 160. In those cases the distinction between a corporation and association, board, or limited partnership as citizens is very clearly drawn. The fiction of corporate citizenship in the state of organization grows out of the conclusive presumption, early adopted, that the stockholders are citizens of the state of the corporate domicile. Puerto Rico v. Russell & Co., supra. This presumption does not attach in the case of partnerships, associations, and boards, as is clearly shown by the decisions relied on by defendant. These associations and limited partnerships, boards, and labor unions, however, have a status as a unit for the purposes of suit. See again Puerto Rico v. Russell & Co., supra, 288 U. S. 476, page 480, 53 S. Ct. 447, 77 L. Ed. 903. If the individuals who compose the associations, partnerships, etc., have a residence diverse from that of their adversary parties, the associations or partnerships may be sued in the federal court on the grounds of diversity of citizenship; the record reflecting that fact. See Thomas v. Board of Trustees, 195 U. S. 207, 25 S. Ct. 24, 28, 49 L. Ed. 160. In that case the Supreme Court, after holding that the record did not sufficiently show diversity of citizenship, said this: "To the

second question our answer is that as the board was entitled to sue and be sued by their collective name, and would be bound by any judgment rendered against it in that name, the jurisdiction of the circuit court would have sufficiently appeared, so far as the pleadings were concerned, without bringing the several persons constituting the board before the court as defendants, provided the bill had contained the additional allegation that each individual trustee was a citizen of Ohio." See, also, United Mine Workers of America et al. v. Coronado Coal Company et al., 259 U. S. 344, 42 S. Ct. 570, 66 L. Ed. 975, 27 A. L. R. 762, and compare Levering & Garrigues Co. v. Morrin (C. C. A.) 61 F.(2d) 115, where plaintiffs were allowed to amend for the purpose of showing diversity of citizenship under similar circumstances; the case later being disposed of in the federal court with jurisdiction assumed. See Levering & Garrigues Co. v. Morrin (C. C. A.) 71 F.(2d) 284.

▮ It is obvious that the defendant is an association constituting some character of legal entity. It is a legal entity not only provided for and recognized by, but licensed under, the state laws. It has just as much legal standing as the labor union which was held to be suable in the Coronado Coal Co. Case and against whose funds execution was allowed to issue. This Lloyds Association, defendant here, has funds within the state and subject to the control of its attorney and the insurance authorities, as heretofore noted in this opinion. The various underwriters by law designated an attorney to be served with process and to bind them in the issuance of contracts of insurance. Vernon's Ann. Civ. St. Tex. art. 5015. It ill becomes them now to say that at least to the extent of the funds so impounded they are not before the court.

As said by the Supreme Court in the Thomas Case, they may be sued in their collective name and bound by any judgment rendered against them in that name. Their liability is, of course, limited by the state statute and their articles of agreement filed under it; and if it be conceded as contended by their counsel that no personal execution can run against them, it is sufficient to say that the judgment in this case is only against the Lloyds America of San Antonio, Tex., which is the name under which the underwriters are licensed in the state. Putting the jurisdic--

tional question aside, on the record as made defendant has absolutely no defense on the merits.

Accordingly, from what has been said it follows that on the record as it now stands by trial amendment, diversity of citizenship is sufficiently shown, and the judgment as entered against the defendant will stand.