**SUCHEM, INC., Plaintiff,**

**v.**

**CENTRAL AGUIRRE SUGAR CO., Defendant.**

Civ. A. No. 644–68.

United States District Court, D. Puerto Rico.

March 29, 1971.

Patrick J. Wilson, José M. González Romanace, Ponce, P. R., for plaintiff.

Baragaño, Trías, Saldaña & Francis, San Juan, P. R., for defendant.

## MEMORANDUM AND ORDER

TOLEDO, District Judge.

### I.—INTRODUCTION AND FACTS

The complaint in this case was filed on October 7, 1968 and in it the plaintiff asserts two counts against the defendant which are first, that defendant's refusal to make an offer to either purchase or lease plaintiff's contrivance (known as a sugar cane diffuser) was wrongful, and second, that the defendant did not fulfill its contractual obligations, as these were agreed to in the contract entered into by the parties on November 28, 1966 and subsequently amended on June 19, 1967, and which was incorporated in the complaint as filed by the plaintiff.

On August 4, 1969, the defendant answered plaintiff's complaint and raised, as an affirmative defense, the allegation that said complaint failed to state a claim for which relief could be granted and, furthermore, that the plaintiff had waived all of its rights under the alleged

agreement to buy or lease and was, therefore, estopped from claiming damages for the alleged nonperformance.

The plaintiff initiated its discovery proceedings through the use of written interrogatories submitted by it which were duly answered in every occasion by the defendant within the limits of time required by Rule 23 of the Federal Rules of Civil Procedure. On February 24, 1970, the plaintiff took the deposition of the Vice President and General Manager of the defendant, being the attorneys for the defendant present and given the opportunity to cross-examine. The defendant, on April 7, 1970, initiated its discovery proceedings by serving upon the plaintiff written interrogatories, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Furthermore, on the 28th day of April, 1970, the defendant took the deposition to the President of the plaintiff and plaintiff's attorneys attended and cross-examined the deponent.

On May 29, 1970, the defendant filed a Motion to Dismiss the complaint in this case, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. Defendant's Motion to Dismiss came up for argument on June 12, 1970, at which time, plaintiff did not appear and this Court, after hearing arguments made on behalf of the defendant, dismissed the complaint as filed with prejudice under Rule 37(d).

On June 18, 1970, the plaintiff filed a motion requesting that this Court vacate its prior Order of June 12 and that it grant to plaintiff such other relief as would be just and reasonable. On August 26, 1970, this Court, through Chief United States District Judge, Hiram R. Cancio, denied plaintiff's Motion To Vacate Judgment filed on June 18, 1970 and ordered that judgment be entered for the defendant in accordance with this Court's prior Order of June 12, 1970. On September 1, 1970, judgment was entered by the Clerk of this Court, pursuant to this Court's Order

of August 25, 1970, dismissing this action in accordance with this Court's prior Order of June 12, 1970. On September 2, 1970, the plaintiff filed a motion to vacate this Court's Orders of June 12 and August 25, 1970. Extensive memoranda of law were filed by both parties in support of their respective positions. After hearing argument of counsel, this Court, on September 25, 1970, vacated its Orders of June 12, August 25 and also vacated its judgment of September 1, 1970. Additional discovery proceedings were initiated by the defendant and were duly complied with by the plaintiff. On October 8, 1970, this Court amended its prior Order of September 25, 1970 and awarded the defendant the sum of $3,-675 as attorney's fees expended by the defendant during the proceedings involving Rule 37(d).

The defendant filed on October 13, 1970, a motion requesting that this Court dismiss plaintiff's complaint for lack of diversity jurisdiction. On November 25, 1970, an amended motion to dismiss was filed by the defendant as a consequence of plaintiff's motion to strike of October 30, 1970. The plaintiff, on November 30, 1970, filed a motion wherein it sought to amend its complaint so as to convert this action into a class action, pursuant to Rule 23.2 of the Federal Rules of Civil Procedure. *The plaintiff has admitted that there is no diversity jurisdiction* in this case pursuant to Section 1332 of Title 28, or to Section 863 of Title 48, and, therefore, petitioned this Honorable Court, on November 30, 1970, that it grant defendant's motion and dismiss the complaint, but that it grant plaintiff's Leave to File an Amended Complaint converting this case into a class suit.

Therefore, the only issue now before this Court is whether or not plaintiff's motion to amend its complaint, so as to convert this action into a class action, pursuant to Rule 23.2 of the Federal

Rules of Civil Procedure is proper. This Court is of the opinion that this motion must be denied for the following reasons:

1.—This action does not meet the prerequisites to a class action as these are provided in Rule 23 of the Federal Rules of Civil Procedure.

2.—This case cannot be converted into a class action by way of Rule 23.2, since the mechanism provided by Rule 23.2 only comes into operation when the state substantive law grants capacity to the named representatives of the unincorporated association to sue and to be sued and denies such capacity to the association, all in accordance with Rule 17(b) of the Federal Rules of Civil Procedure.

3.—This action cannot be converted into a class action pursuant to Rule 23.2 because being the defendant an unincorporated association, the Civil Code of Puerto Rico expressly grants it juridical personality and the capacity to sue or to be sued and, therefore, it must be sued in its own name and not through its representatives, as plaintiff pretends, since these lack the capacity to be sued or to sue on behalf of the association. Furthermore, even when the unincorporated association has capacity to sue or to be sued and when the basis of the claim is diversity jurisdiction, as in this case, *then what controls, for purposes of determining whether or not such diversity jurisdiction exists, is the residence of the individual members of such association*, which must be wholly diverse from that of the opposing party or parties. Weasler v. Oil, Chemical and Atomic Workers Int'l. Union, Civil No. 754-70, decided on February 12, 1971.

We will now discuss each of the above stated reasons, which have convinced us that plaintiff's motion to convert this suit into a class suit be denied and the amended complaint not file.

## II. PREREQUISITES TO A CLASS ACTION UNDER RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

This court is fully aware that class suits have long been a part of Federal Civil Procedure and that these have been ordinarily authorized in cases or suits which involve members of a class so numerous that it was completely impracticable to join them all as parties to the suit. Smith v. Swormstedt, 1853, 16 How. 288, 57 U.S. 288, 14 L.Ed. 942. See, also, Supreme Tribe of Ben-Hur v. Cauble, 1921, 255 U.S. 356, 41 S.Ct. 338, 65 L.Ed. 673.

Revised Rule 23(a), as amended in 1966, prescribe the following four (4) prerequisites for the class suit:

(1) The Class is so numerous that joinder of all of its members is impracticable;

(2) That there are questions of law or facts common to the class;

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) The representative parties will fairly and adequately protect the interest of the class.

It is clear that all of the four (4) above conditions must be present in order that an action can be brought for or against a class. If any of the first three prerequisites are lacking, this Court must strike any reference to the suit as a class action although, of course, it could continue as an individual action if it satisfied the usual test for federal jurisdiction. See; Goddman v. H. Hentz & Co., D.C., 265 F.Supp. 440 (1967). Even if an action complies or meets the four prerequisites of Rule 23(a), as we have outlined above, this is not in itself sufficient for the maintenance of a class action, since the case must, in addition, fall within one of the three subdivisions provided by Rule 23(b).

Before analyzing each of the prerequisites for a class action provided by Rule 23(a), we must point out that a class action classically has not been permitted when the membership of the class is so limited that a joinder of all of its members is practicable and feasible. Hudson v. Newell, C.A.5th 1949, 172 F.2d 848; Wells v. Ford, Bacon & Davis, D.C., 6 FRD 606 (1943); Coxhead v. Winsted Hardware Mfg., D.C., 4 FRD 448 (1945); Jackman v. Union Pac. R. Co., D.C., 4 FRD 172 (1944).

The first prerequisite of a class action, pursuant to Rule 23, is not met by the instant action, since what could constitute a class are eleven (11) individuals and, therefore, there is no reason whatsoever which would make their joinder impracticable since the class is not so numerous. The case of Carroll v. Associated Musicians of New York, D.C., 206 F.Supp. 462 (1962), is clearly in point to the case at bar since first of all there is no evidence before this Court that a class exists and, furthermore, it is clearly established by the affidavit submitted by the defendant that the Trustees of the defendant are not so numerous as to make their joinder in this case impracticable. This, as stated in the before cited case, is an essential element required for class action under Rule 23 of the Federal Rules of Civil Procedure and clearly upon this ground, this Court denies plaintiff's motion. Furthermore, precisely in point, the case of *Carroll* held, at page 470, that:

"Plaintiffs have failed to prove an essential element required for class actions under Rule 23 of the Federal Rules of Civil Procedure. It appears that plaintiffs attempt to define the class as one separate and distinct from the total membership of defendant Local 802. The plaintiffs allege that the class is composed of Local 802 orchestra leaders who, like plaintiffs, (a) never act as sidemen and devote all or substantially all of their time to their profession as orchestra leaders, (b) for their engagements employ sidemen who are members of defendant unions, and (c) deal with their clients as employers or independent contractors.

There is no evidence that this class exists and, even if it does, that it has any members other than plaintiffs Carroll and Peterson and their witness, Ben Cutler. In 3 Moore's Federal Practice § 23.05 (2d Ed. 1948) it is stated:

'The *raison d'etre* of the class suit doctrine is necessity, which in turn depends upon the question of number. The question of what constitutes impracticability—when is a class so numerous as to make it impracticable to bring them all before the court—therefore remains.

A reading of the cases convinces one that whether a number is so large that it would be impracticable to join all the parties is dependent not upon any arbitrary limit, but rather upon the circumstances surrounding the case; and there must be a positive showing of such circumstances.' "

In other words, it all boils down to a question of numerosity. The determination regarding this matter must reflect a practicable judgment by the Court on the particular facts of the case. Smith v. Board of Education, 8 Cir., 365 F.2d 770 (1966). We find cases where 7, 8, 9, 16 and 18 individuals have been held too few although we also find cases that where a number exceeding a thousand has obviously been held sufficient to justify a class action. Giordano v. Radio Corporation of America, 3 Cir., 183 F.2d 558 (1950). This is precisely the question involved in the case at bar. The number of individuals that compose the Board of Trustees of the defendant are not sufficient to justify a class action since they are not so numerous that it will be impracticable to join them as defendants. See: Molina v. Sovereign Camp Woodmen, D.C., 6 FRD 385 (1947).

The next question involved in the determination of whether or not the case at bar qualifies as a class suit under the requirements of Rule 23(a) is the definition of joinder. A reading of the cases decided convinces us that whether or not a number is so large that it would be impracticable to join all the parties, depends not upon any arbitrary limit, but rather upon the circumstances surrounding the case and, of course, there must be a positive showing of such circumstances. See: Demarco v. Edens, 2 Cir., 390 F.2d 836, at page 845 (1968), which held that:

"It is fundamental that those seeking to maintain an action as a class action must make a positive showing that it would be impracticable to deny the prayer."

Most directly in point to our case, is the case of Sperry Products v. Association of American Railroad, 2 Cir., 132 F.2d 408 (1942), which in dealing with an unincorporated association held:

An action to enforce a federal right against an unincorporated association should not be brought as a class suit where there is no jurisdictional difficulty and the association as such is sueable.

Clearly, impracticability does not mean impossibility, since it is too sufficient to show that it is difficult or inconvenient to join all the members of the class. See: Pacific Fire Insurance Co. v. Reiner, D. C., 45 F.Supp. 703; Advertising Speciality National Assn. v. Federal Trade Comm'n. (CA 1st 1956) 238 F.2d 108, 119; Harris v. Palm Springs Alpine Estates, Inc. (CA 9th 1964) 329 F.2d 909.

The purpose of a class action is to enable the Court to determine the rights of a numerous class of individuals by one common final judgment. Farmers Co-op Oil Co. v. Socony Vacuum Oil Co., D.C.Iowa, 1942, 43 F.Supp. 735, modified on other grounds 133 F.2d 101. The case of Steinberg v. American Bantam Car Co., D.C.Pa.1948, 76 F.Supp.

426, supports our conclusion that plaintiff's complaint does not meet the requirements which Rule 23 establishes for class suits. The Court in this case stated at page 439:

"Courts are not infrequently called upon to proceed with causes in which the number of those interested in the litigation is so great as to make it difficult or impossible to join all because some are not within the jurisdiction, or because their whereabouts is unknown, or where if all were made parties to the suit, its continued abatement by the death of some would prevent or unduly delay a decree. In such cases where the interests of those not joined are of the same class as the interests of those who are, and where it is considered that those who are joined fairly represent those who are not in the prosecution of the litigation of the issues in which all have a common interest, the court will proceed to a decree. Hansberry et al. v. Lee et al., 311 U.S. 32, 41, 61 S.Ct. 115, 85 L.Ed. 22, 132 A.L.R. 741; 30 C.J.S. Equity § 145."

See also, Class Suits and the Federal Rules, 1937, 22 Minn.L.Rev. 34; Tunstall v. Brotherhood of Locomotive Firemen and Enginemen, C.C.A.4th 1945, 148 F. 2d 403; Weeks v. Bareco Oil Co., C.C.A. 7th 1941, 125 F.2d 84.

We will now discuss the nature of an unincorporated association, its role in diversity suits, such as the case at bar, and the application of Rules 23.2 and 17 (b) upon the circumstances of this case.

## III. UNINCORPORATED ASSOCIATIONS, RULES 23.2, 17(b) AND DIVERSITY JURISDICTION

The defendant is an unincorporated business association established by a Declaration of Trust dated August 1, 1928, which is filed with the Commissioner of Corporations of the Commonwealth of Massachusetts. The particular form of business organization utilized by the defendant is known as a business or Massa-

chusetts Trust. This association resembles somewhat the English Joint Stock Company established by a deed of settlement to its trustees as it was developed in Massachusetts around 1850 with the purpose of achieving or obtaining limited liability when, or in cases where, the incorporation of certain real estate businesses required a special act of the state legislature. Its period of greatest growth was prior to 1925.

It is established, and the plaintiff has expressly admitted, that the defendant is an unincorporated association, and this Court must analyze the consequence of the existence of such a business vehicle for purposes of diversity jurisdiction.

 First of all, the plaintiff, in its complaint filed on October 7, 1968, invoked the jurisdiction of this Court under 28 U.S.C. § 1332, and the Section of the United States Code relating to territories and insular possessions, 48 U.S.C. § 863. It is clear that there is no diversity jurisdiction in this case, since Suchem, Inc., the plaintiff, is a corporation existing and organized under the Laws of the Commonwealth of Puerto Rico with principal offices in Ponce, Puerto Rico, while on the other hand, Central Aguirre Sugar Company, the defendant, consists of a group of persons acting as trustees under a Declaration of Trust dated August 1, 1928, which Board of Trustees is composed of eleven (11) individuals, of which five (5) were, at the time of the filing of the complaint, residents of Puerto Rico. This, in itself, defeats diversity jurisdiction since in cases by or against an unincorporated association, where jurisdiction is founded on diversity of citizenship, the citizenship of the individual members of the unincorporated association must be shown to be wholly diverse from that of the opposing party or those of the opposing parties. Thomas v. Board of Trustees of Ohio State University, 195 U.S. 207, 25 S.Ct. 24, 49 L.Ed. 160 (1904); Rosendale v. Phillips, 87 F.2d 454 (1937); United Steel Workers of America v. R. H. Bouligny, Inc., 382 U.S.

145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); Chapman v. Barney, 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800 (1889); Hanson v. Chicago Burlington and Quincy Railroad Co. et al., 7 Cir., 282 F.2d 758 (1960); American Federation of Musicians v. Stein, 6 Cir., 213 F.2d 679 (1954); Underwood v. Maloney, 3 Cir., 256 F.2d 334 (1958).

This Court very recently held, in the case of Weasler v. Oil, Chemical and Atomic Workers Int'l. Union, previously cited and decided on February 12, 1971, and quoting from Moore, Federal Practice, Volume 3A, Page 861, that:

"In cases where jurisdiction is founded *upon diversity of citizenship* it is held that, although capacity has been accorded the unincorporated association to sue or be sued in its common name, the *citizenship of the individual members must nevertheless, be made appear, and their citizenship must be wholly diverse from that of the opposing party or parties:* United Steelworkers of America v. R. H. Bouligny, Inc., (1965), 382 U.S. 145 [86 S.Ct. 272, 15 L.Ed.2d 217]; Lowry v. International Brotherhood [5 Cir.], 259 F.2d 568; Stein v. American Federation of Musicians [D.C.], 183 F.Supp. 99." (Emphasis supplied).

In the Bouligny case, a libel suit was brought by a North Carolina corporation, in the state court, and the defendant, union, with its principal place of business in Pennsylvania removed the case to the federal district court, alleging diversity of jurisdiction, irrespective of the citizenship of its union members. The Supreme Court of the United States granted *certiorari* squarely on this point to determine if an unincorporated labor union is to be treated as a citizen for purposes of federal diversity jurisdiction without regard to the citizenship of its members. The Supreme Court held that there was no diversity of citizenship, and affirmed the decision

of the Court of Appeals for the Fourth Circuit, 336 F.2d 160, which had remanded the case to the state courts, because the citizenship of the members has destroyed federal jurisdiction.

Thus, if jurisdiction of this Court is invoked on the basis of diversity jurisdiction, 'the association will not be given a fictional citizenship and the relevant citizenship will be that of each of the association's members.' *Moore*, supra at P. 868."

Plaintiff herein acknowledges lack of diversity jurisdiction, but suggests that it can utilize the mechanism provided by Rule 23.2 and obtain, as a result, federal diversity jurisdiction.

Rule 23.2 provides as follows:

"An action brought by or against the members of an unincorporated association as a class by naming certain members as representative parties may be maintained only if it appears that the representative parties will fairly and adequately protect the interests of the association and its members. In the conduct of the action, the court may make appropriate orders corresponding with those described in Rule 23(d), and the procedure for dismissal or compromise of the action shall correspond with that provided in Rule 23(e)."

As is apparent, the same prerequisites contained in Rule 23 for a class action are also required for actions under Rule 23.2, and as previously stated, the plaintiff does not meet any of the requirements contained not only in Rule 23(a), but also those contained in Rule 23(b) with which any class action must comply. Rule 23.2 was added, in 1966, in conjunction with the 1966 amendment which completely rewrote and revised Rule 23.

██ The purpose behind Rule 23.2, is found in the Committee Notes, which state that although an action by or against representatives of the membership of an unincorporated association has often been viewed as a class action, the real or main purpose of this characterization has been to give "entity treatment" to the association when for formal reasons it cannot sue or be sued as a jural person under Rule 17(b). In other words, Rule 17(b), which deals with the capacity to sue or to be sued, provides that the capacity of an unincorporated association to sue or be sued shall be determined by the law of the state in which the District Court is held. Therefore, when the law of the state in a particular case does not provide an unincorporated association with capacity as a jural person to sue or to be sued, then and *only* then does the mechanism of Rule 23.2 come into operation and is available as a way of overcoming this lack of capacity by suing the individual representatives of the unincorporated association. This, as a result, gives the unincorporated associations the so-called entity treatment. Nevertheless, one must never forget that for purposes of diversity jurisdiction, in cases where one of the parties is an unincorporated association, even if the association has the capacity to sue or to be sued according to state law, what controls is the residence of its members.

██ In our jurisdiction, unincorporated associations are accorded legal personality, as well as capacity to sue or be sued under Articles 27, 28, 29 and 30 of the Civil Code of Puerto Rico. Therefore, since the defendant, pursuant to Commonwealth Law, has capacity to be sued as a result of the application of Rule 17(b) of the Federal Rules of Civil Procedure, then the mechanism provided by Rule 23.2 is not, in any way, available and the defendant must be sued in its own name and not in the name of its representatives. See the cases of Benz v. Compañía Naviera Hidalgo, 9 Cir., 233 F.2d 62 (1956) and Moore's Federal Practice, Volume 3A, Pages 851 to 865.

An applicable case to the one at bar is Underwood v. Maloney, 256 F.2d 334 (1958), where the Court of Appeals for the First Circuit held at page 337, that:

"*Rule 17(b)*, Fed.Rules Civil Proc. 28 U.S.C., *provides that in cases by or*

*against unincorporated associations, such as the International and the Local, where jurisdiction is bottomed on diversity, as contrasted with jurisdiction based on a federal question, the courts must determine the capacity of an unincorporated association to sue or be sued by reference to the law of the state in which the* federal court is sitting. Worthington Pump & Machinery Corp. v. Local 259, D.C.Mass. 1945, 63 F.Supp. 411; Sanders v. International, etc., D.C.Ky.1954, 120 F. Supp. 390; American Newspaper Guild v. Mackinnon, D.C.Utah 1952 108 F.Supp. 312. *Since 1939 the law of Pennsylvania has forbidden* a suit by or against an unincorporated association to be maintained as a class action, and such suits must be deemed to be brought either on behalf of or against the unincorporated association itself. Notes of Procedural Rules Committee to Rule 2230(a); 3 Goodrich-Amram, Standard Pennsylvania Practice 2152–2; 4 Anderson Pennsylvania Practice 195; Stern, Intra-Union Activities, Membership and Collective Bargaining Rights Under Pennsylvania Law, 29 Temple L.Q. 38 (1955); Laudenslager v. Wiegner, 1946, 22 Lehigh, Pa.Co.L.J. 137; Winters v. New Johnny Jones Exposition, 1944, 6 Beaver, Pa., 138 Pennsylvania Co. v. Houseman, 1946, 341 Pa. 311, 316, 19 A.2d 148, 150. It follows, therefore, that under Rule 17(b) an unincorporated association must sue or be sued as an entity in the United States District Court for the Eastern District of Pennsylvania."

"Jurisdiction nonetheless must be established and for jurisdictional purposes the citizenship of an unincorporated association is determined by the citizenship of its members. Therefore, where jurisdiction is sought to be founded on diversity of citizenship, the action being by or against an unincorporated association, as it must be applying the law of Pennsylvania which obviates class suits, the citizenships of the individual members of the unincorporated association must be shown to be wholly diverse from that of the opposing party or those of the opposing parties. Thomas v. Board of Trustees of Ohio State University, 1904, 195 U.S. 207, 25 S.Ct. 24, 49 L. Ed. 160 and Rosendale v. Phillips, 2 Cir., 1937, 87 F.2d 454. See, also, 3 Moore's Federal Practice 2 ed. Paragraph 17.25, pp. 1412–1413. Compare Fallat v. Gouran, 3 Cir., 1955, 220 F. 2d 325."

Therefore, in the case at bar, the defendant must be sued as an entity in its own name according to the law of Puerto Rico and once this is done, the residence of its members, which is controlling for purposes of determining diversity jurisdiction, would defeat the jurisdiction of this Court.

Wherefore, it is hereby ordered and adjudged, that the Motion to Dismiss the complaint filed in this case for lack of diversity jurisdiction is hereby granted and plaintiff's Motion for Leave to File Amended Complaint under Rule 23.2 is denied.