

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2006

# S Freedman Co Inc v. Raab

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1138

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"S Freedman Co Inc v. Raab" (2006). *2006 Decisions.* Paper 1136.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1136

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1138

———

S. FREEDMAN AND COMPANY, INC.,

Appellant

v.

MARVIN RAAB, RAAB ENTERPRISES, INC.
Formerly know as PHILADELPHIA FOODS, INC.

v.

SUSAN FREEDMAN

———

On Appeal from the United States District Court
for the District of New Jersey
D.C. No. 04-cv-01119
District Judge: Honorable Robert B. Kugler

———

Submitted Under Third Circuit LAR 34.1(a)
May 9, 2006

Before:   BARRY, SMITH and ALDISERT, Circuit Judges

(Filed May 10, 2006)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Appellant S. Freedman & Co., Inc. ("Freedco") seeks review of the District Court's dismissal of its complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. It also seeks review of the denial of two motions for reconsideration. Because we conclude that the District Court did not err in determining that Freedco failed to adequately plead the existence of subject matter jurisdiction, and that we lack jurisdiction to review the denial of the two motions for reconsideration, we will affirm.

## I.

The parties are familiar with the facts and proceedings before the District Court, so we will only briefly revisit them here. Freedco filed a complaint against Appellees Marvin Raab and Raab Enterprises, Inc., formerly known as Philadelphia Foods, Inc. (collectively referred to as "Raab"), in the United States District Court for the District of New Jersey on March 8, 2004. Jurisdiction was purportedly based on the diversity of the parties under 28 U.S.C. § 1332(a).

On November 24, 2004, less than a month before discovery was scheduled to end, the District Court *sua sponte* questioned whether diversity jurisdiction existed. The complaint alleged that:

> 1. Plaintiff, S. Freedman and Company, Inc. ("Freedco"), is a corporation organized and existing under the laws of Pennsylvania with *a principal place of business* at The Dorchester, Suite 205, 226 West Rittenhouse Square, Philadelphia, Pennsylvania 19103. Freedco is a citizen of Pennsylvania.

2

3.     Defendant Marvin Raab ("Raab") is an individual with an address of 429 Coolidge Road, Cherry Hill, New Jersey, 08002. Raab is a citizen of New Jersey.

4.     Defendant, Raab Enterprises, Inc., formerly known as Philadelphia Foods, Inc. ("Philly Foods") is a corporation organized and existing under the laws of the State of New Jersey with ***a place of business*** located at 210 Harvard Avenue, Westville, New Jersey 08083. Philly Foods is a citizen of New Jersey.

* * * *

6.     This Court has diversity jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332(a)(1) because the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of costs and interest.

(Complaint, app. at 18-20 (emphasis added).)

The Court accordingly issued an order (the "November 24, 2004 Order") directing Freedco to amend its complaint to state the location of "*the* principal place of business," rather than "*a* place of business" or "*a* principal place of business," for each corporate party. *See* 28 U.S.C. § 1332(c). The Order provided seven days for Freedco to make this amendment.

According to an affidavit filed with the District Court and Freedco's representations to this Court, Freedco never received the November 24, 2004 Order and, therefore, did not comply with the Order's directives. On December 10, 2004, the Court issued an order (the "December 10, 2004 Order") dismissing the complaint for lack of jurisdiction. After learning of the dismissal from Raab's counsel on December 15, 2004, Freedco contacted the District Court via both phone and letter to determine the proper course of action. On December 17, the Court responded that it "cannot advise [Freedco's

counsel] how to proceed."

On December 23, 2004, Freedco filed a motion to reconsider and vacate the Court's December 10, 2004 Order ("First Motion for Reconsideration") and moved for leave to file an amended complaint. Attached to the motion was an affidavit from its attorney of record, Robert S. Levy, explaining the non-receipt of the November 24, 2004 Order. Apparently not realizing that a timely motion for reconsideration tolls the 30-day time period for filing a notice of appeal, *see* Rule 4(a)(4), Federal Rules of Appellate Procedure, Freedco also filed a notice of appeal of the District Court's December 10, 2004 Order. In a January 18, 2005 order, this Court stayed the appeal pending disposition of the First Motion for Reconsideration.

By an order dated January 20, 2005 (the "January 20, 2005 Order"), the District Court dismissed, without prejudice, the First Motion for Reconsideration, concluding that the notice of appeal deprived it of jurisdiction to decide the motion. Freedco then filed a second motion to reconsider and vacate the District Court's January 20, 2005 Order ("Second Motion for Reconsideration"). On August 2, 2005, the District Court, having reconsidered whether the notice of appeal deprived it of jurisdiction, granted the Second Motion for Reconsideration and vacated its January 20, 2005 Order. It proceeded, however, to deny the First Motion for Reconsideration on the merits, concluding that it "does not present any factual matters or controlling decisions that this Court overlooked in dismissing the Complaint; rather Plaintiff merely presents reasons for why it did not [c]omply with this Court's Order[.]" (App. at 7.) This appeal followed.

4

II.

The majority of Freedco's arguments are dedicated to whether the District Court exceeded the permissible bounds of discretion in denying the First Motion for Reconsideration on the merits. Freedco contends that it presented a valid excuse for its failure to comply with the November 24, 2004 Order and that the District Court should have permitted it to make the minor amendment to the complaint.

Unfortunately for Freedco, neither the January 20, 2005 Order nor the August 2, 2005 Order are properly before us. Freedco filed its notice of appeal on January 12, 2005, after the dismissal of the complaint but prior to the disposition of the First Motion for Reconsideration. Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure provides that:

> [i]f a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Freedco's notice of appeal therefore became effective upon the adjudication of Freedco's motions for reconsideration. Such notice, however, does not encompass the January 20 or August 2 motions for reconsideration. Rather, Freedco was required to file a new notice of appeal or to amend the January 12, 2005 notice of appeal. As stated in Rule 4(a)(4)(B)(ii):

> A party intending to challenge an order disposing of any motion

5

> listed in Rule 4(a)(4)(A), or a judgment altered or amended upon such a motion, *must file a notice of appeal, or an amended notice of appeal* – in compliance with Rule 3(c) – within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

Rule 4(a)(4)(B)(ii), Federal Rules of Appellate Procedure (emphasis added).

Here, Freedco never filed an amendment or a new notice of appeal. Our review is therefore confined to the December 10, 2004 Order dismissing the complaint. *See*, *e.g.*, *United States v. McGlory*, 202 F.3d 664, 668 (3d Cir. 2000) (holding that we lack jurisdiction to review the denial of a motion for reconsideration where appellant did not file a new notice of appeal or amend the previously filed notice of appeal); *see also Union Pac. R.R. v. Greentree Transp. Trucking Co.*, 293 F.3d 120, 126 (3d Cir. 2002).

III.

We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's dismissal of the complaint for lack of subject matter jurisdiction. Our review is plenary. *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). A district court has a duty to raise doubts about its jurisdiction at any time, and the party asserting jurisdiction "bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

We agree with the District Court that Freedco has not met its burden of pleading the diversity of the parties. Pursuant to 28 U.S.C. § 1332(c), for purposes of diversity jurisdiction, a corporation is a citizen of both the state of its incorporation and the state in

6

which it has its principal place of business. As the District Court observed, Freedco alleged only that Raab Enterprises has "a place of business" in New Jersey, not that New Jersey is the location of its "principal place of business." Freedco also failed to allege that its own principal place of business is in Pennsylvania, asserting only that it has "*a* principal place of business" in Pennsylvania. *See J & R Ice Cream Corp. v. California Smoothie Licensing,* 31 F.3d 1259, 1265 n.3 (3d Cir. 1994) (holding that a complaint stating that defendant had "a" principal place of business in New Jersey left open the possibility that it had "its" principal place of business in Florida, and thus did not properly plead diversity jurisdiction). The basis of diversity jurisdiction was therefore not apparent from the pleadings.

Recognizing these deficiencies, Freedco contends that the last sentence of both Paragraphs One and Four of the complaint – stating that "Freedco is a citizen of Pennsylvania" and "Philly Foods is a citizen of New Jersey" – allege as a necessary implication that Freedco's principal place of business is in Pennsylvania and Philly Foods' principal place of business is in New Jersey. It also argues that the diversity of the parties was "conclusively establishe[d]" by Raab's answer to the complaint, in which it admits the allegations in Paragraph Four.

We disagree. It is well established that "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'" 5 C. Wright & A. Miller, Federal Practice and Procedure § 1206, at 78-79 (1969 & Supp. 2005) (citations omitted); *Thomas v. Board of Trustees*, 195 U.S.

7

207, 210 (1904) (holding that diversity jurisdiction, "or the facts upon which, in legal intendment, it rests, must be distinctly and positively averred in the pleadings, or should appear affirmatively and with equal distinctness in other parts of the record"); *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business."). Freedco's bald allegations that the corporate parties are "citizens" of certain states are insufficient to carry its burden of pleading the diversity of the parties. Nowhere in the complaint is the word "citizen" defined with reference to 28 U.S.C. § 1332, and there is nothing to indicate that it was being used as a term of art. The District Court therefore did not err in concluding that the complaint fails to adequately set forth the requirements of diversity jurisdiction, and it properly ordered Freedco to amend its complaint.

The District Court also did not err in dismissing the complaint. Freedco never responded to the November 24, 2004 Order to amend the complaint. Judging the District Court's actions at the time they were taken – that is, when Freedco failed to respond to the Order and the Court was unaware that Freedco allegedly never received notice – the District Court's dismissal of the complaint was proper. *See* Rule 12(h)(3), Federal Rules of Civil Procedure ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").[1]

---

[1] We have repeatedly held that a district court has an obligation to provide the parties with notice and an opportunity to be heard before dismissing a case for lack of jurisdiction.

8

IV.

We have considered all contentions presented by the parties and conclude that no further discussion is necessary. Although we sympathize with Freedco, whose complaint could have been saved by minor editing, we must affirm the District Court's dismissal for lack of subject matter jurisdiction.

---

*See, e.g., Neiderhiser v. Borough of Berwick*, 840 F.2d 213, 216 n.6 (3d Cir. 1988). Here, the District Court provided the requisite notice and opportunity to be heard; Freedco only asserts that it did not receive notice. Unlike a district court's failure to *provide* notice, a party's failure to *receive* notice does not affect the propriety of a dismissal. That Freedco may have never received notice is a factual matter that should be raised in a motion for reconsideration; it is not a proper basis for attacking the underlying order of dismissal on appeal.