**CHASE MANHATTAN MORTGAGE & REALTY TRUST, BOSTON, MASSACHUSETTS**

v.

**David M. PENDLEY et al.**

Civ. A. No. C 75–984 A.

United States District Court, N. D. Georgia, Atlanta Division.

Dec. 10, 1975.

Alfred G. Adams, Jr., Sutherland, Asbill & Brennan, Atlanta, Ga., for plaintiff.

Marion Smith, II, Smith, Cohen, Ringel, Kohler & Martin, and Johnston & McCarter, Atlanta, Ga., for defendants.

## ORDER

HILL, District Judge.

Presently before the Court in this breach of contract action is the defendants' motions to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction and plaintiff's motion to amend the complaint to substitute the named plaintiff.

The facts necessary for resolution of the issues presented may be briefly stated. The plaintiff Chase Manhattan Mortgage & Realty Trust (the "Trust") is a business trust organized and existing under the laws of the State of Massachusetts with its principal place of business in Boston, Massachusetts. The Trust, acting by and through its Trustees, filed this suit against the defendants, all citizens of the State of Georgia, alleging the amount in controversy to exceed the sum of Ten Thousand Dollars ($10,-000.00).

The complaint alleges that certain of the defendants executed a note payable to the plaintiff, a security deed to secure payment and guaranties of payment, whereby the defendants are obligated to plaintiff and that the said obligations are in default. Wherefore, plaintiff prays for judgment against the defendants jointly and severally for the due amount.

Defendants move to dismiss on the ground that no facts are alleged in the complaint which support jurisdiction based on diversity of citizenship. Defendants assert that the citizenship of a business trust for diversity purposes is the residence of each of the holders of the Trust's beneficial shares and that the complaint fails to show that none of the holders of these shares is a citizen of Georgia.

While contesting the validity of defendants' assertion, plaintiff moves to amend the complaint so as to dismiss the Trust as plaintiff in this action and to substitute the individual Trustees of the Trust, each of whom is alleged to be a citizen of a state other than the State of Georgia. Plaintiff contends that since the Trustees of the Trust hold legal title to the promissory note and guaranties thereof upon which suit is based, the Trustees are the real parties in interest and their citizenship controls in determining the existence of diversity of citizenship.

After careful consideration of the extensive briefs submitted by the parties herein and a reading of the case law in this area, the court apprehends that the issues to be resolved in this case are 1) whether for purposes of federal diversity jurisdiction the citizenship of a business trust is to be determined by reference to the residence of the holders of the beneficial shares of the trust or by reference to the residence of the trustees of the trust, and 2) if the former, whether that rule may be different if the suit is brought in the name of the trustees as opposed to the trust itself. The court is of the opinion that the citizenship of a business trust is to be determined by reference to the residence of the holders of the beneficial shares and that the rule is no different regardless of the name in which suit is brought. Consequently, the plaintiff's motion to amend the complaint is denied and the defendants' motions to dismiss are granted.

The first question presented herein has been decided by several federal courts and was resolved in a well-reasoned opinion in this district by the Honorable William C. O'Kelley, Judge, in *Jim Walter Investors v. Empire-Madison, Inc.*, 401 F.Supp. 425 (N.D.Ga.1975):

"The defendant's motion to dismiss for lack of subject matter jurisdiction places squarely before this court the question of the proper citizenship to be accorded a real estate investment trust for purposes of diversity of citizenship. 28 U.S.C. § 1332. Simply stated, if the plaintiff REIT is treated as a corporation, with citizenship in the state of incorporation or the state in which it maintains its principal place of business, or if it is treated as a traditional trust, with its citizenship deemed to be that of each of its trustees, then diversity exists. On the other hand, if the plaintiff REIT is classified as an unincorporated association, with its citizenship deemed to be that of each of its members, then the complete diversity required by *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 [2 L.Ed. 435] (1806), does not exist in this case.

\*    \*    \*    \*    \*    \*

Upon careful consideration, this court concludes that since the plaintiff REIT has no indicia of a traditional trust, it is to be treated as an unincorporated association. The court is persuaded to this decision in part by *Morrissey v. Commissioner*, 296 U.S. 344 [56 S.Ct. 289, 80 L.Ed. 263] (1935), in which the court held that a REIT constituted an 'association' and, therefore, should be taxed, not as a trust, but as a corporation. In addition, the result is in accord with *Larwin Mortgage In-*

*vestors v. Riverdrive Mall, Inc.* [392 F. Supp. 97 (S.D.Texas 1975)] (REIT is unincorporated association for diversity purposes), and *Fox v. Prudent Resources Trusts* [382 F.Supp. 81 (E.D. Penn.1974)] (business trust is unincorporated association for diversity purposes).

In conclusion, since the plaintiff, Jim Walters Investors, is to be treated as an unincorporated association, and since at least one of plaintiff's shareholder's citizenship is not diverse from that of the defendant, this action must be dismissed for lack of subject matter jurisdiction." (footnotes omitted)

*See also Risk v. Jones*, Civ. No. 75–976A (N.D.Ga.1975) (business trust to be treated as unincorporated association for diversity purposes); *Suchem, Inc. v. Central Aguirre Sugar Co.*, 52 F.R.D. 348 (D.P.R.1971). The court finds these opinions persuasive. Thus, the citizenship of the plaintiff business trust is to be determined by the residence of each of the holders of the Trust's beneficial shares.

However, plaintiff seeks to substitute by an amendment to the complaint the Trustees of the Trust as the real parties in interest. That is,

"in order to remove any doubt as to diversity in view of the question raised by defendants, plaintiffs have moved to amend the complaint to name the *individual Trustees* as plaintiffs instead of the Trust itself *acting through its Trustees.*" (emphasis added)

Since now it is the individual Trustees who prosecute the suit instead of the Trust, acting through its Trustees, plaintiff argues that diversity jurisdiction exists in this case.

■ A party may amend his pleadings after a responsive pleading is served by leave of court and leave shall be freely given when justice so requires. Fed. Rules of Civ. Procedure 15. If federal jurisdiction does in fact exist at the commencement of the action, then leave shall be freely granted to cure the failure to allege jurisdiction properly. *Finn v. American Fire & Casualty Co.*, 207 F.2d 113 (5th Cir. 1953). However, if it is clear that the amendment cannot cure the lack of jurisdiction, denial of leave to amend is in order. *See 3 Moore's Federal Practice* ¶ 15.09. The plaintiff seeks by the proposed amendment to establish diversity jurisdiction in this court by substituting as plaintiff the individual Trustees of the Trust as opposed to the Trust itself. The question is whether the amendment would make any difference in this case. For the reasons set out below, the court concludes that it would not and, consequently, the motion to amend is denied.

■ Stated simply, since the business trust has the status of an unincorporated association, its citizenship will control the issue of diversity even if the plaintiff were allowed to substitute the individual trustees as the named plaintiffs. The court is of the opinion that to rule otherwise would render the decisions relied upon above a nullity and allow federal jurisdiction to be created at the will of the litigants. To say that diversity jurisdiction exists if the Trustees sue on behalf of the Trust, but does not exist if the Trust sues acting through the Trustees, is to honor form over substance and create problems where none now exist. If the Trustees may sue and create jurisdiction, then may one Trustee or two or fewer than all sue and establish jurisdiction? If the Trustees may sue on a promissory note, may they sue on all contracts? For torts? The court is reinforced in its conclusion by the tone and philosophy expressed by the United States Supreme Court in *United Steelworkers of America, AFL–CIO v. R. H. Bouligny, Inc.*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965) to the effect that if diversity jurisdiction is to be extended to hitherto broad categories of litigants it ought to be done by the Congress and not the courts.

Plaintiff argues that for purposes of ascertaining a federal court's diversity

jurisdiction under 28 U.S.C. § 1332(a), it is the citizenship of the real party in interest which is controlling, and not necessarily that of the persons who may ultimately benefit from a recovery. Further, that under Rule 17(a) of the Federal Rules of Civil Procedure the real party in interest is the person who, according to the governing substantive law, is entitled to enforce the right. Thus, in diversity cases, argues plaintiff, the determination of who is the real party in interest is controlled by state substantive law and that pursuant to Ga. Code Ann. § 3–108 the Trustees are the real parties in interest because the Trust Agreement provides that the Trustees are holders of the legal interest in all Trust property.

The argument presented by the plaintiff is not without some force and the court has carefully considered it. However, the court declines to accept this rationale for two reasons. First, the decisions relied upon previously in this opinion all held that for purposes of determining diversity jurisdiction, it is the citizenship of the holders of the beneficial shares of the business trust that is controlling. In fact, Judge O'Kelley was directly presented with the question of whether it was the citizenship of the holders of the beneficial shares or the citizenship of the Trustees that is determinative. Implicit in these rulings that the citizenship of the holders of the beneficial shares is controlling is the assumption that they are, therefore, the real party in interest.

Secondly, this Court is in agreement with the statement in *International Allied Printing Trades Ass'n v. Master Printers Union of New Jersey*, 34 F.Supp. 178, 181 (D.N.J.1940):

"It therefore follows that Allied and Typographical [unincorporated associations] have capacity by the law of the State of New Jersey to sue in their common names, but in cases such as this where jurisdiction requires diversity of citizenship, even though capacity has been accorded the said unincorporated association to sue by such name, the citizenship of the individual members must nevertheless be made to appear, and their citizenship must be wholly diverse from that of the opposing party or parties. (cits.)"

Thus, in the case *sub judice* while the law of Georgia may bestow upon the Trustees the capacity to sue in their own names, it does not bestow subject-matter jurisdiction upon this court.

In summary, the rule for determining the citizenship of unincorporated associations for diversity purposes is well established; the citizenship of unincorporated associations is the citizenship of each of the individual members of the association. *Hettenbaugh v. Airline Pilots Ann's. International*, 189 F.2d 319 (5th Cir. 1951); *Lowry v. International Brotherhood of F. I. S. & H.*, 259 F.2d 568 (5th Cir. 1958); *Marydale Products Co. v. United Packinghouse Workers*, 322 F.2d 224 (5th Cir. 1963). Both courts and commentators have expressed dissatisfaction with the rule, but, as noted above, the Supreme Court has recently reaffirmed its position. *United Steelworkers v. Bouligny, supra*. The class action has apparently become a well-established device for creating diversity jurisdiction so as to escape the strictures of the general rule. *See generally*, 14 A.L.R. Fed. 851–875. This court declines to sanction a new device.

Therefore, the plaintiff's motion to amend is denied and the defendants' motions to dismiss are hereby granted.

It is so ordered.