**Adam C. HECK et al., Plaintiffs,
Counter-Defendants,**

v.

**A. P. ROSS ENTERPRISES, INC., an Illinois Corporation, et al., Defendants,
Counter-Plaintiffs.**

No. 75 C 3831.

United States District Court,
N. D. Illinois, E. D.

May 13, 1976.

---

Levy & Erens, Richard F. Levy, Jay Erens, William E. Rattner, Michael K. Wolf, Chicago, Ill., for plaintiffs.

Walter E. Trittipo, Jr., O'Brien Trittipo, Cary & McNamara, George J. Anos and Howard Harris, Ash, Anos, Harris & Freedman, Edward F. Ryan and Richard J. Rappaport, Donald K. Basta and Alan C. Witte, Schwartz & Freeman, Kalman S. Lieberman and Roger B. Mandel, Mandel, Lieberman & Mandel, Chicago, Ill., for defendants.

## MEMORANDUM

LEIGHTON, District Judge.

### I.

This is a suit to enforce rights under the Illinois Mortgage and Foreclosure Act, Ill. Rev.Stat.1975, ch. 95, §§ 23 *et seq.*, filed by nine trustees of a Massachusetts business trust. The relief sought is foreclosure of a first and a second mortgage on real estate situated within the district of this court. Jurisdiction is claimed to exist under 28 U.S.C. § 1332(a)(1) because of diversity of citizenship, it being alleged that four of the plaintiffs are citizens of Massachusetts, four of New York, one each of Indiana, Pennsylvania and Texas. It is further alleged that defendants are citizens of other states.

A motion has been made to dismiss this suit on the ground that the complaint does not allege facts which show this court has diversity jurisdiction. Defendants refer to the allegations of the complaint and point out that although they show all plaintiffs are citizens of states other than those in which defendants reside, they do not show what is required for diversity jurisdiction, complete diversity between the parties. Defendants argue that since it appears from the complaint that plaintiffs sue as trustees of a Massachusetts business trust, diversity jurisdiction is not shown because there is no allegation that all beneficiaries or shareholders of the trust are from states other than those of which defendants are citizens.

### II.

It is now well established that for the purpose of determining diversity, the citizenship of a Massachusetts business trust depends on the citizenship of its shareholders or beneficiaries. *Chase Manhattan Mortgage and Realty Trust v. Pendley*, 405 F.Supp. 593 (N.D.Ga.1975); *Jim Walter Investors v. Empire-Madison, Inc.*, 401 F.Supp. 425 (N.D.Ga.1975); *Larwin Mortgage Investors v. Riverdrive Mall, Inc.*, 392 F.Supp. 97 (S.D.Tex.1975). Only recently, Judge Marshall of this court decided that the citizenship of a business trust for the purpose of determining diversity depends on the citizenship of its individual shareholders. See *Carey et al. v. U. S. Industries, Inc., etc., et al.*, 414 F.Supp. 794 (N.D.Ill.1976).

In an open court discussion of the issue raised by defendants' motion to dismiss, counsel for the plaintiffs conceded that at least one beneficiary or shareholder of the Chase Manhattan Mortgage and Realty Trust is a citizen of Illinois. Therefore, complete diversity of citizenship does not exist in this case. For this reason, federal diversity jurisdiction is lacking. *United Steelworkers of America v. R. H. Bouligny*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965); *Larwin Mortgage Investors v. Riverdrive Mall, Inc.* (S.D.Tex.1975), 392 F.Supp. 97. Accordingly, defendants' motion to dismiss must be sustained. An appropriate order may be presented to the court for entry.

So ordered.