**RIVERSIDE MEMORIAL MAUSOLEUM, INC. t/a Delaware Valley Memorial Center, L. Blumberg's Son, Inc. and Helen Rothchild Blumberg**

v.

**UMET TRUST, an Unincorporated California Business Trust and Sonnenblick-Goldman Corp.**

Civ. A. No. 75–1079.

United States District Court, E. D. Pennsylvania.

July 11, 1977.

Lawrence G. Sager, New York City, Lester H. Novack, Philadelphia, Pa., Lawrence G. Sager, New York City, for plaintiffs.

Nathan B. Feinstein, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for Umet Trust.

Jon A. Baughman, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Sonnenblick-Goldman.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

In our order and opinion of February 27, 1976, we entered summary judgment for defendants on the ground of res judicata. The Third Circuit vacated that judgment, holding that we failed to determine whether diversity jurisdiction exists. *Riverside Memorial Mausoleum, Inc. v. Umet Trust,* 549 F.2d 796 (3d Cir. 1977).

The issue before us now is whether a real estate investment trust (REIT) should be treated as a corporation, a trust or an unincorporated association in determining its citizenship for diversity purposes. The handful of district courts which have considered the question have all held that a REIT should be treated as an unincorporated association for diversity purposes, *i. e.,* a REIT is a citizen of each and every state in which it has a shareholder. *See Heck v. A. P. Ross Enterprises,* 414 F.Supp. 971 (N.D. Ill.1976); *Carey v. U. S. Industries, Inc.,* 414 F.Supp. 794 (N.D.Ill.1976); *Chase Manhattan Mortgage & Realty Trust v. Pendley,* 405 F.Supp. 593 (N.D.Ga.1975); *Jim Walter Investors v. Empire-Madison, Inc.,* 401 F.Supp. 425 (N.D.Ga.1975); *Larwin Mortgage Investors v. Riverdrive Mall, Inc.,* 392 F.Supp. 97 (S.D.Tex.1975); *Fox v. Prudent Resources Trust,* 382 F.Supp. 81 (E.D.Pa. 1974). Since complete diversity is required for jurisdiction under 28 U.S.C. § 1332, *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), the effect of these opinions is that a REIT is usually immune from suit in federal diversity actions.

We are compelled to agree with the conclusion of those courts that a REIT cannot be treated as a corporation despite the fact that it has virtually all of the classic attributes of a corporation. In *United Steelworkers of America v. R. H. Bouligny, Inc.,* 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965), the Supreme Court held that for diversity purposes, the citizenship of an unincorporated labor union is that of each of its members. While recognizing the logic of treating the union as a corporation, the Court felt that it was for Congress to determine if certain noncorporate entities were to be treated as corporations in establishing diversity jurisdiction.

The Third Circuit in *Carlsberg Resources Corp. v. Cambria Savings and Loan Ass'n.,* 554 F.2d 1254 (3d Cir. 1977), recently relied on *Bouligny* and held that the citizenship of each limited partner, as well as each general partner, must be diverse from every defendant in order to obtain § 1332 jurisdiction. The court stated that "existing principles respecting diversity jurisdiction

[must] be strictly followed", *id.* at 1259, and that "access to the federal courts on the ground of diversity should be denied absent a clear entitlement to such access", *id.* at 1259.

In light of *Bouligny* and *Carlsberg Resources* we do not believe that we can overlook a REIT's lack of incorporation in determining its citizenship for diversity purposes. Only Congress may provide that certain noncorporate entities are to be treated as corporations in determining § 1332 jurisdiction.

We appreciate the logic to plaintiffs' argument that if a REIT cannot be treated as a corporation because it is not incorporated, then it should be treated as a trust since it is technically a trust. The result, of course, would be to treat a REIT as a citizen of every state in which a trustee is a citizen. *Bullard v. City of Cisco*, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254 (1933).

However, a REIT does not share many of the classic attributes of a trust. *See Morrissey v. Commissioner*, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263 (1935), holding that a REIT should not be taxed as a trust. It is not enough that a party has the form of an entity which would qualify for diversity jurisdiction. It is also necessary to scrutinize the substance to insure that diversity jurisdiction is warranted. Such a finding is mandated by the language of the Third Circuit in *Carlsberg Resources Corp. v. Cambria Savings and Loan Ass'n., supra:*

"[F]ederal tribunals should be demanding in evaluating whether diversity jurisdiction subsists. In view of the possibly deleterious consequences of a failure to adhere meticulously to the constitutional and statutory standards governing diversity jurisdiction, access to the federal courts, on the ground of the diverse citizenship of the parties, should be granted only where clearly appropriate and only to the extent, if at all, that is justified." *Id.* at 1257 (emphasis added).

Because a REIT does not operate as a trust, we believe it would be improper to treat it as a trust for diversity purposes. Therefore, we must treat the REIT as an unincorporated association. Since there are shareholders of the REIT defendant who are citizens and residents of Pennsylvania, the REIT's citizenship is not diverse from plaintiffs'. Thus, we will dismiss the REIT defendant. However, complete diversity exists between plaintiffs and defendant Sonnenblick-Goldman Corp.

Plaintiffs, realizing that we might dismiss the REIT defendant for lack of jurisdiction, alternatively seek dismissal of this action. They claim that plaintiffs have the right to choose their forum and control their litigation. Plaintiffs argue that the public interest in seeing that litigation will be effective and expeditious is furthered by dismissing this action and allowing plaintiffs to proceed in the Pennsylvania State courts where the issues can be settled in one round of litigation. Sonnenblick-Goldman, on the other hand, opposes dismissal of this action claiming that it has the right to a determination of its motion to dismiss and/or summary judgment which has previously been fully presented to and decided by us and which has been briefed and argued in the Court of Appeals.

"[A] federal court may drop nondiverse defendants and retain jurisdiction over the case where those dropped defendants are not indispensable parties." *Girardi v. Lipsett, Inc.*, 275 F.2d 492, 494 n. 1 (3d Cir.), *cert. denied*, 364 U.S. 821, 81 S.Ct. 56, 5 L.Ed.2d 50 (1966). So long as nondiverse defendants may be dropped pursuant to Fed.R.Civ.P. 21 [1], *i. e.*, the dropping does not conflict with Fed.R.Civ.P. 19(b) [2], dismissal is within our discretion. *Jett v. Phillips &*

---

**1.** Rule 21 provides: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

**2.** Rule 19(b) provides: "If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being

*Associates,* 439 F.2d 987, 989–90 (10th Cir. 1971). We do not believe that Rule 19(b) is applicable in this case. Plaintiffs are not being prejudiced by retaining jurisdiction over Sonnenblick-Goldman at this stage of the proceedings.

We will reinstate the earlier summary judgment order based on res judicata as to Sonnenblick-Goldman. If the Third Circuit reverses that decision, we will reconsider plaintiffs' request for dismissal of the suit.

thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judg- ment, by the shaping of relief, or other meas- ures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the per- son's absence will be adequate; fourth, wheth- er the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."